■ ANN K. GALLAGHER, as Administratrix of the Estate of EDITH A. GALLAGHER, Deceased, Respondent, v. CITY OF NEW YORK, Appellant.— In a wrongful death action, the defendant appeals from an order of the Supreme Court, Queens County, dated January 12, 1962, which on reargument granted plaintiff's motion to open her default in failing to serve a complaint within the time prescribed (Civ. Prac. Act, § 257) and extended her time to serve the complaint. Order reversed, without costs, and motion denied. This action was commenced by the service of a summons on November 1, 1958. The defendant on November 6, 1958 entered a general appearance and demanded a copy of the complaint. In April, 1961, almost two and one-half years after service of the summons, plaintiff's attorney served a complaint upon defendant which was promptly returned by defendant as untimely. Thereafter, plaintiff moved to open the default and for an enlargement of time within which to serve the complaint. The explanation of plaintiff's counsel for the delay was that, subsequent to receipt of the notice of appearance, the file of the case became lodged behind the file drawer and was not discovered until said drawer was being completely changed for a replacement drawer. In our opinion, such explanation is insufficient to excuse the unreasonable delay in serving the complaint, and there was no basis for the exercise of discretion to grant the motion to open plaintiff's default (*Nocella* v. *City of New York*, 18 A D 2d 1015). The excuse that the file was misplaced inadvertently is rejected as inadequate (cf. *Cronin* v. *City of New York*, 18 A D 2d 995; *Burke* v. *City of New York*, 18 A D 2d 898). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of the Estate of WILLIAM BRUNO, Deceased. FRANK BRUNO et al., Appellants; LAWRENCE BRAUNSTEIN, as Special Guardian for ROSEMARY BRUNO, an Infant, Respondent.— In a contested probate proceeding, the proponent and certain residuary legatees appeal from so much of a decree of the Surrogate's Court, Nassau County, entered May 21, 1962 after a jury trial upon framed issues, as (1) denied probate to the propounded instrument upon the ground that the decedent lacked testamentary capacity; and (2) fixed $3,000 as and for the compensation of Lawrence Braunstein, special guardian for Rosemary Bruno, the infant contestant. Decree modified upon the facts by reducing the special guardian's fee to $2,000. As so modified, decree, insofar as appealed from, affirmed, with costs to all parties filing briefs, payable out of the estate. In our opinion, taking into consideration: (a) the services rendered by the said special guardian for the infant contestant Rosemary Bruno; (b) the gross amount of the estate; and (c) the other fees and expenses still to be paid therefrom, the allowance of $3,000 to him was excessive. Under all the circumstances it should be reduced to $2,000. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.